NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANET SEALY,<br><br>       Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATION, INC., *et al*.,<br><br>       Defendants. | Civil Action No. 13-7461 (CCC)<br><br><br>**REPORT & RECOMMENDATION** |

**F**ALK**, U.S.M.J.**

  Before the Court is Plaintiff's motion to remand this case to state court. The motion is opposed. No argument was heard. Fed. R. Civ. P. 78(b). For the reasons that follow, it is respectfully recommended that Plaintiff's motion be **granted**.

**BACKGROUND**

  This is an age and disability discrimination case filed by Plaintiff, Janet Sealy, in New Jersey state court pursuant to the New Jersey Law Against Discrimination ("NJLAD"), N.J. S. A. § 10:5-12. Plaintiff is a former employee of Defendant Verizon

Communications, Inc. ("Defendant" or "Verizon").[1]  (Compl. ¶¶ 2-6.)   Plaintiff began her 37-year employment with Verizon on January 6, 1975.  Plaintiff's employment was governed by a collective bargaining agreement ("CBA") between Verizon and Local 111 of the International Brotherhood of Teamsters.  (Compl. ¶ 11.)   The CBA provided Plaintiff with "bumping rights" which, in the event of a lay-off, bestowed Plaintiff with the right as a senior employee to replace a junior employee not being laid-off.   (Compl. ¶ 11.)

In September 2010, Plaintiff was notified that Verizon intended to close down the Lease Billing System ("LBS"), the operation in which she and eight other employees worked.  (Compl. ¶ 12.)   Plaintiff and her fellow employees filed grievances to challenge Verizon's anticipated reduction in force ("RIF").  Plaintiff, then 64 years old, was the most senior in LBS and the oldest of the affected employees.  (Compl. ¶¶ 13-14.)

On October 25, 2010, Plaintiff began medical/disability leave to undergo spinal surgery.  (Compl. ¶ 17.)   While Plaintiff was on leave, the grievances challenging the RIF were resolved.  (Compl. ¶ 20.)   Plaintiff claims to be the only employee not to have received another job with Verizon or a payout in accordance with the grievance

---

[1]Because Plaintiff is unclear as to the precise entity which employed her, Plaintiff named several "closely related" companies to "insure that she has identified her employer correctly", including Verizon New Jersey, Inc., Verizon Business Network Services, Inc., MCI International, Inc., Verizon and Verizon Business, Inc. (Compl. ¶¶ 3, 10.)  These entities are collectively referred to herein as "Defendant" or "Verizon".

procedure.² (Compl. ¶ 20.) Verizon allegedly told Plaintiff that she had not been placed in the only available position–a material handler–because of her inability to perform the job due to her spinal surgery. (Compl. ¶ 27.) Verizon allegedly also declined Plaintiff's request to "bump" a junior employee assigned to billing, a job Plaintiff previously performed, due to the fact that her experience, as described by a Verizon representative, "was a long time ago". (Compl. ¶ 28.) According to Plaintiff, her fellow employees who were transferred to billing were all younger than her and had less seniority. (Compl. ¶ 33.)

Plaintiff was laid-off on October 20, 2011. Based upon her discussions with Verizon management, and purportedly having been led to believe that there was no alternative, Plaintiff signed a Reduction In Force Option Form on October 24, 2011, pursuant to which she declined her right to "bump."

On October 17, 2013, Plaintiff filed a single-count Complaint in state court asserting a claim for discrimination based on age and disability under the NJLAD. On December 12, 2013, Verizon removed the case to this Court, stating that Plaintiff's NJLAD claim is preempted by the Labor Management Relations Act, 29 U.S.C. § 185, et seq. ("LMRA"). Defendant contends that because "bumping" and "seniority" are terms defined by the CBA, the Court cannot resolve this case without interpreting and analyzing the CBA. (Def.'s Br. 1.)

---

²An arbitral award held that the elimination of Plaintiff's job did not violate the CBA. (Compl. ¶ 21.) According to Plaintiff, the award did not address Plaintiff's seniority and bumping rights. (Compl. ¶ 22.)

Plaintiff seeks remand to state court arguing that her claim is not preempted because it does not require an interpretation of the CBA. Plaintiff points out that she is not alleging breach of the CBA. Plaintiff argues that she is asserting purely a state law claim. Specifically, Plaintiff contends that Verizon's alleged discriminatory conduct discouraged her from asserting her "bumping" and seniority rights under the CBA, leading her to believe that there was no alternative other than to waive her rights and retire. (Pl.'s Br. 1.) Stated another way, Plaintiff maintains that Defendant's alleged discrimination essentially intervened, causing her to retire, before the issues of contract interpretation could ever be reached. (Id.) Plaintiff maintains that the disposition of her state law discrimination claim does not require reference to or analysis of the CBA's terms.

## DISCUSSION

**A.** **Removal Standard**

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

Removal is strictly construed and all doubts are resolved in favor of remand.  See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

**B.     Federal Jurisdiction**

A district court has original jurisdiction over cases that "arise under" federal law.  See 28 U.S.C. § 1331, 1441(a).  Pursuant to the "well-pleaded complaint" rule, a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not allege a federal claim on its face.  See Franchise Tax Bd. of Cal. v. Contr. Laborers Vac. Tr. for S. Ca., 463 U.S. 1, 10 (1983).  Federal jurisdiction cannot be established by a federal defense or by challenging the merits of a claim.  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  However, an exception to the well-pleaded complaint rule is the doctrine of complete preemption.  See, e.g., Lazorko v. Pa. Hosp., 237 F.3d 242, 248 (3d Cir. 2000) ("One exception to [the well-pleaded complaint rule] is for matters that Congress has so completely preempted that any civil complaint that falls within this category is necessarily federal in character.").  The doctrine of complete preemption "creates removal jurisdiction even though no federal question appears on the face of the plaintiff's complaint."  Id.

Defendants contend that despite the absence of a federal claim in the Complaint, federal jurisdiction is present by virtue of the complete preemption of Plaintiff's claims by Section 301 of the LMRA.  Section 301(a) of the LMRA provides for federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor

organization . . . ." 29 U.S.C. § 185 (a); see Textron v. United Automobile, 523 U.S. 653, 656-57 (1998). Section 301 "completely preempts a state cause of action only when the resolution of said action is 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract.'" New Jersey Carpenters and the Trustees Thereof v. Tishman Const. Corp of New Jersey, – F.3d – , 2014 WL 3702591, at *6 (3d Cir. July 28, 2014) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985)). By contrast, "when resolution of the state law claim is "independent" of a CBA and does not require construing one, the state law claim is not preempted...." Tishman, 2014 WL 3702591, at *6 (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 410 (1988).

Preemption is not lightly inferred. See Voilas v. General Motors Corp., 170 F.3d 367, 375 n.1 (3d Cir. 1999). Preemption does not arise simply because a collective bargaining agreement may be involved in a dispute. See Lingle, 486 U.S. at 412; see also e.g., Bonilla v. Starwood Hotels Resorts Worldwide, Inc., 407 F. Supp. 2d 1107, 1111 (C.D. Cal. 2005) ("If the claim is plainly based on state law, Section 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense."). Indeed, if the facts of a given case could give rise to an action under a CBA as well as a separate state law claim, preemption does not attach. See Lingle, 486 U.S. at 408 (noting, in the event resolution of a state law claim "involves attention to the same factual considerations as the contractual determination, such 'parallelism' does not mandate

6

preemption"). The fundamental question in evaluating Section 301 preemption is whether resolution of the state law claim turns on the meaning of a collective bargaining agreement. See Tishman, 2014 WL 3702591, at *6 (state wage act claim exists independent of CBA and therefore not preempted by LMRA).

**C.    Decision**

Plaintiff's NJLAD claim is not preempted by Section 301 of the LMRA. The Third Circuit has recently explained in detail the difference between claims that may be preempted by the LMRA and those that are purely state law claims. See New Jersey Carpenters and the Trustees Thereof v. Tishman Const. Corp of New Jersey, – F.3d – , 2014 WL 3702591, at *6 (3d Cir. July 28, 2014). Here, as in Tishman, the Complaint contains a straightforward state law claim. Plaintiff's NJLAD claim seeks to redress instances of unlawful discrimination, including discrimination based on age and disability. See N.J.S.A. §§ 10:5-3, 10:5-12. Generally speaking, a claim under NJLAD requires a plaintiff to show that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action despite being qualified; and (4) the employer sought out individuals with qualifications similar to plaintiff's to fill the position. See Foy v. Wakefern Food Corp., No. 09-1683, 2010 WL 147925 (D.N.J. Jan. 7, 2010) (claim of age discrimination); see also Church v. Sears Holding Corp., No. 12-4814, 2014 WL 2115020 (D.N.J. May 21, 2014) (claim of disability discrimination).

Plaintiff does not allege breach of the CBA; nor does she seek a remedy based on

7

any alleged breach.  The simple fact is Plaintiff is not attempting to show Verizon's actions violated the CBA

Rather, what Plaintiff actually alleges is unlawful discrimination in violation of the NJLAD.  Specifically, Plaintiff asserts that because of her age and disability, Verizon failed to make her a *bona fide* offer of another job, discouraged Plaintiff from asserting her "bumping" and seniority rights under the CBA, and lead her to believe she had no alternative but to waive her rights and retire.  (Compl. ¶¶ 36-40.)

Plaintiff is asserting a purely state law claim for discrimination.  Proving unlawful discrimination in violation of the NJLAD does not require any reference to or analysis of the CBA whatsover.  It only requires a determination of whether Verizon's actions were discriminatory in nature.  This is a fact question which does not rest on the interpretation of the CBA.  Rather, the analysis calls for an inquiry into what Defendants actually did and the reasons for their conduct. Thus, the Court need not interpret the language of the CBA as Defendants argue.

Moreover, Plaintiff's claim under the NJLAD is not preempted by the LMRA because it exists independent of the CBA.  See Tishman, 2014 WL 3702591, at *6.  Plaintiff's right to be free from discrimination in the workplace is established by the NJLAD and would exist even in the absence of the CBA.  See id.

## CONCLUSION

For the reasons set forth, it is respectfully recommended that Plaintiff's motion to

8

remand be **GRANTED**.[3]


                                          s/Mark Falk
                                          **MARK FALK**
                                          **United States Magistrate Judge**


**Dated: August 1, 2014**

---

[3] Here, Plaintiff claims that the award of counsel fees associated with Plaintiff's efforts to remand are warranted. Although the Court agrees that Plaintiff's claims are not preempted, the law governing preemption in the context of the LMRA is sufficiently complex such that the Court is unable to conclude that the removing party lacked an objectively reasonable basis seeking removal. See Martin v. Franklin Capital Corp., 536 U.S. 132, 141 (2005). Therefore, the Court declines to recommend an award of costs and fees.